UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUNKI E. FLEMING,<br><br>Plaintiff,<br><br>v.<br><br>PELICAN BAY STATE PRISON,<br><br>Defendant. | Case No. 25-cv-08290-TLT<br><br>**ORDER OF SERVICE; STAYING ACTION; AND REFERRING FOR SETTLEMENT PROCEEDINGS** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 about an incident involving correctional staff at Pelican Bay State Prison (PBSP). For the reasons stated below, the complaint is ordered served on defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order. The case will be stayed and referred for settlement proceedings.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the

statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges the following: PBSP correctional staff used excessive force on him on January 17, 2024 and January 19, 2024. On January 17 he was pulled out of his cell for medical, and upon his return to his cell he was told to give up his wheelchair, but he could not walk so he refused to move. Staff wanted him to crawl into his cell. He tried to communicate that he needed his chair to be mobile in the cell. The sergeant working that day went to the front of his chair and flipped it backward, causing plaintiff to slam the back of his head on the floor. Then the sergeant and other correctional officers dragged him into the cell by his leg restraints, where the sergeant and three other correctional officers kicked and beat him. The sergeant pushed all his weight down on plaintiff's head while the other three officers beat him. Plaintiff saw the lieutenant come to the doorway and watch, and then the lieutenant told the others to take him to medical to get cleared for a write up. Defendants correctional officers Reach and Sanchez were two of the officers who beat him.

On January 19, defendant Reach and the regular 2nd watch sergeant lied and said plaintiff was unresponsive, then entered his cell, where Reach hit him in the face with the shield. Plaintiff could not walk so it was unnecessary. They saw his grievances and letter to the OIA and the sergeant told them to throw it away.

Plaintiff seeks damages.

Liberally construed, plaintiff has stated a claim under section 1983 against defendants Reach, Sanchez, and the sergeant working on January 17 for using excessive force in violation of his Eighth Amendment rights. See *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). He has stated a claim against the lieutenant and the regular sergeant for failure to intervene.

### 3. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings. Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following defendant(s) shall be served:
    a. Correctional Officer Reach at PBSP
    b. Correctional Officer Sanchez at PBSP
    c. The third correctional officer involved in the January 17 incident (as named in the write-up against plaintiff)

    d.  The sergeant working in plaintiff's housing unit on January 17

    e.  The lieutenant working in plaintiff's housing unit on January 17

    f.  The regular 2nd watch sergeant in plaintiff's housing unit

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk shall serve by mail a copy of this order on plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

  2.  This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

  3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

6. In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named defendant against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED.

**IT IS SO ORDERED.**

Dated: December 22, 2025

_____
TRINA L. THOMPSON
United States District Judge